UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUANE SPIVEY,

                              CASE NO. 4:10-CV-12651
        Plaintiff,     JUDGE MARK A. GOLDSMITH
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

SAGINAW COUNTY, et al.,

        Defendants,

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT SAGINAW COUNTY'S OCTOBER 29, 2010 MOTION TO DISMISS (Doc. Ent. 14) and DEFENDANT LARSEN'S NOVEMBER 22, 2010 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 19)**

**I.**     **RECOMMENDATION:** The Court should grant defendant Saginaw County's October 29, 2010 motion to dismiss (Doc. Ent. 14) and grant defendant Larsen's November 22, 2010 motion for summary judgment (Doc. Ent. 19).

**II.**     **REPORT:**

**A.**     **Background**

On August 26, 2004, Michael Duane Spivey was sentenced to three (3) to twenty (20) years for the November 8, 2003 offense of unlawfully driving away an automobile, Mich. Comp. Laws §§ 750.413, 769.12. The facts underlying the instant complaint allegedly stem from the events of November 9, 2008, while plaintiff was a parolee. Doc. Ent. 1 at 4. Apparently Spivey was re-incarcerated on or about April 30, 2009.[1]

---

[1] *See* www.michigan.gov/corrections, "Offender Search," Image Date.

On July 2, 2010, while incarcerated at the Michigan Department of Corrections (MDOC) Cooper Street Correctional Facility (JCS) in Jackson, Michigan, Spivey (#219797) filed the instant lawsuit against ten (10) defendants: Saginaw County, Saginaw Township Police Department, Chad Brooks, Michele Flemming, William Federspiel, Joseph Dutoi, Steven Reed, Eric Larson [Larsen],[1] Adam Nothelfer and Roger Pate. Doc. Ent. 1 at 5.

The Court granted plaintiff's application to proceed in forma pauperis. Doc. Ent. 4. This case was originally assigned to Judge Avern Cohn and Magistrate Judge Virginia M. Morgan. On September 13, 2010, the case was reassigned to Judge Mark A. Goldsmith. Doc. Ent. 7. Shortly thereafter, Judge Goldsmith referred the case to Magistrate Judge Morgan for all pretrial proceedings. Doc. Ent. 8.[2]

On October 22, 2010, the Saginaw Township defendants (Saginaw Township Police Department, Nothelfer, Reed, Brooks, Flemming and Federspiel) filed an answer to the complaint. Doc. Ent. 11. On November 8, 2010, defendants Dutoi and Pate filed an answer to the complaint. Doc. Ent. 15.[3]

**B.     Pending Defense Motions**

---

[1]The correct spelling of defendant's name appears to be "Larsen." Doc. Entries 17 and 19.

[2]On September 28, 2010, Magistrate Judge Whalen entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. Doc. Ent. 9. That same day, the U.S. Marshal acknowledged receipt of ten (10) copies of documents for service of process. Doc. Ent. 10. On October 1, 2010, the U.S. Marshal attempted service by mail. Defendant Saginaw County claims it executed a waiver of service on October 5, 2010. Doc. Ent. 14 at 6.

[3]Appearances of counsel have been filed on behalf of Dutoi and Pate (Doc. Ent. 12), the County of Saginaw (Doc. Ent. 13) and Larsen (Doc. Ent. 17).

**1.**     Currently pending before the Court is defendant Saginaw County's October 29, 2010 motion to dismiss.  Doc. Ent. 14.  Defendant argues that "Plaintiff's Complaint [should] be dismissed based upon his failure to state a claim for relief against Saginaw County[.]"  Doc. Ent. 14 at 8-9.

On November 16, 2010, Magistrate Judge Morgan entered an order for submission of responsive pleading and determination of motion without oral argument, pursuant to which a response was due on December 7, 2010.  Doc. Ent. 18.

**2.**     Also pending before the Court is defendant Larsen's November 22, 2010 motion for summary judgment.  Doc. Ent. 19.  Specifically, Larsen argues that (I) "Plaintiff did not file any grievance regarding his allegations against Defendant Eric Larsen. The Court should dismiss Plaintiff's unexhausted claims against Defendant Larsen[,]" and (II) "Plaintiff has not sufficiently alleged personal involvement of Eric Larsen to impose liability against him under 42 U.S.C. § 1983."  Doc. Ent. 19 at 8-13.

On December 21, 2010, Magistrate Judge Morgan entered an order for submission of responsive pleading and determination of motion without oral argument,  pursuant to which a response was due on January 21, 2011.  Doc. Ent. 20.

**C.**     **Plaintiff's February 23, 2011 Request**s

Plaintiff was paroled on January 19, 2011.  *See* www.michigan.gov/corrections, "Offender Search."  By a letter dated February 18, 2011 and filed on February 23, 2011, plaintiff acknowledged his filing deadline but stated that "they lost some of [his] belongings and paperwork during a 'shakedown' at the prison."  According to plaintiff, "it's hard for [him] to proceed in [this case]."  He provided the Court with new contact information.  He also contended

that he has "no money for legal council at this time," and he requests that this matter be put on hold until he receives legal counsel or that the Court assist him in this endeavor. Doc. Ent. 21.

At this time, the docket properly reflects plaintiff's updated address and phone number. On March 11, 2011, this case was reassigned from Magistrate Judge Morgan to me. Doc. Ent. 22.

On March 14, 2011, I entered an order regarding plaintiff's February 23, 2011 requests (Doc. Ent. 21). Doc. Ent. 23. Therein, I denied plaintiff's request to stay these proceedings until he receives legal counsel. However, I also permitted plaintiff an extension of time within which to respond to the pending motions. Plaintiff was permitted up to and including April 15, 2011 by which to file separate responses to defendant Saginaw County's October 29, 2010 motion to dismiss (Doc. Ent. 14) and defendant Larsen's November 22, 2010 motion for summary judgment (Doc. Ent. 19). I also denied plaintiff's request for appointment of counsel under 28 U.S.C. § 1915(e)(1) without prejudice to renewal in the event plaintiff's complaint survives the aforementioned pending motions or proceeds to trial.

**D.     Analysis**

**1.     Plaintiff's complaint**

The heart of plaintiff's complaint is set forth on one (1) page. Plaintiff's statement of facts reads as follows:

> On [November 9, 2008], I, Michael Duane Spivey, #219797, (parolee) was a passenger receiving a ride home in a vehicle (Saturn SUV) driven by Michael Floyd. A short time later, that vehicle was crashed into by a police cruiser. The impact was so violent all airbags deployed (front and back). Unaware of what was really going on, and still shaken from the crash, I . . . was taken from the vehicle by Saginaw City police, tasered and beaten for no reason. (without cause). I was then immediately arrested by Saginaw [Township] police, and despite my injur[ies], both, from the crash and from the Saginaw police excessive

> abuse (Brutality) there were no EMS on location nor was I offered any medical attention.  As a result, I now experience almost constant major back pain, numbness of my right leg and frequent, severe migraine headaches.
>
> I also was returned to prison and given two 12 month continuance[s] (24 months) resulting from baseless police accusations[.]

Doc. Ent. 1 at 4.  His prayer for relief states:

> . . . I need to be released from prison.  I need medical attention since I've been attacked by local police officers and imprisoned to cover that up.  I need compensation for the monies not earned since I've been re-arrested, not below $50,000.00, plus mental anguish punitive damages as the Court deems fit[.]

Doc. Ent. 1 at 4.

**2.     Saginaw County's motion to dismiss**

**a.**     Defendant Saginaw County's motion to dismiss asserts that "[p]laintiff does not make any allegations relating to Defendant County of Saginaw in his Complaint[,]" and "none of the individually-named Defendants were employees of Defendant County of Saginaw at the time of the incident in question[.]"  Doc. Ent. 14 ¶¶ 4, 5.  Defendant Saginaw County requests that the Court "dismiss the instant action, with prejudice and in its entirety, as to Defendant Saginaw County and that the Court award it whatever other relief it deems appropriate."  Doc. Ent. 14 at 2.

Defendant Saginaw County brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. Ent. 14 at 6-8.  Fed. R. Civ. P. 12(b)(6) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim

for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) ("Result of Presenting Matters Outside the Pleadings.").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 550 U.S. at 555 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 561. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id. See also*

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-1951 (2009) ("respondent's complaint has not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible.'") (quoting *Bell Atlantic Corp.*).

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atlantic Corp.*, 550 U.S. at 554-563. A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**b.** Defendant Saginaw County's motion is based upon *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. Ent. 14 at 5. Specifically, defendant Saginaw County argues that "[n]owhere in Plaintiff's Statement of Facts does he make any allegations relating to Defendant Saginaw County." Importantly, defendant Saginaw County notes:

> The City of Saginaw, Saginaw Township and the County of Saginaw are all separate municipal entities. Further, all three entities have their own police departments (City of Saginaw Police Department, Saginaw Township Police Department, and County of Saginaw Sheriff's Department, respectively). . . . [Plaintiff] does not indicate that the Saginaw County Sheriff's Department was involved in any capacity.

7

Doc. Ent. 14 at 8. *See also* www.saginaw-mi.com (City of Saginaw),[4]

www.saginawtownship.org (Saginaw Charter Township),[5] www.saginawcounty.com (County of Saginaw).[6]

Defendant Saginaw County also contends that "[u]pon information and belief, all but one of the individuals named as Defendants are police officers. However, none of these individuals were employees of the County of Saginaw at the time relevant to Plaintiff's Complaint." Doc. Ent. 14 at 8-9.

**c.** It is clear that six (6) of the ten (10) defendants in this case are associated with Saginaw Township (Saginaw Township Police Department,[7] Nothelfer, Reed, Brooks, Flemming and Federspiel[8]). Doc. Ent. 11; Doc. Ent. 16. In fact, the Saginaw Township defendants assert that "Mr. Spivey was located in a vehicle that was stolen from Saginaw Township." Doc. Ent. 11 at 2.

---

[4]The Saginaw Police Department appears to be located at 612 Federal Avenue, Saginaw, Michigan 48067. *See* www.whitepages.com, Find a Business.

[5]The mailing address for the Saginaw Township Police Department is 4930 Shattuck Road, Saginaw, Michigan 48603. *See* www.saginawtownshippolice.com, Contact Information.

[6]The Saginaw County Sheriff's Office is located at 618 Cass Street, Saginaw, Michigan 48602. *See* www.saginawcounty.com, Courts & Law Enforcement, Sheriff; Doc. Ent. 14 at 9 n.2.

[7]Although presented in the form of an affirmative defense, the Saginaw Township defendants contend that "Plaintiff's claims against the Saginaw Township Police Department must be dismissed because the Police Department is merely a department of the Charter Township of Saginaw and thus is an entity incapable of being sued." Doc. Ent. 11 at 7 ¶ 22.

[8]According to defendant Saginaw County, Federspiel "is currently the Saginaw County Sheriff; however, at the time of the allegations in Plaintiff's Complaint (November of 2008), Mr. Federspiel was a police officer employed by Defendant Saginaw Township." Doc. Ent. 14 at 9 n.1.

It appears that two of the defendants are associated with the City of Saginaw (Dutoi and Pate). Doc. Ent. 15. Although Pate's title is not clear, it appears that his patrol vehicle was the car involved in the November 9, 2008 collision and that "[p]laintiff was taken into custody by Saginaw Township Police." Doc. Ent. 1 at 4, Doc. Entries 12 and 15 at 2 ¶¶ 2, 5. In fact, defendant Saginaw County points out that plaintiff claimed the address for Dutoi and Pate was 612 Federal Avenue, Saginaw, Michigan 48067, with a telephone number of 989-759-1288. Doc. Ent. 14 at 9; *see also* Doc. Ent. 6 at 1-2. This address and phone number are attributed to the City of Saginaw Police Department. *See* www.whitepages.com, "Reverse Phone" and "Reverse Address."

Additionally, it appears that one (1) defendant (Larsen), who is represented by the Michigan Department of Attorney General (Doc. Ent. 17), is employed by a division of the State of Michigan. Larsen attests that he is presently, and was at the times relevant to this lawsuit, employed by the MDOC as a Probation/Parole Agent in Midland County, Michigan and that he is "not a police officer with the Saginaw Police Department, and had no involvement in Mr. Spivey's arrest." Doc. Ent. 19-4 ¶¶ 1, 9.[9]

Therefore, because plaintiff's verified complaint mentions only "Saginaw City police," "Saginaw Twp. Police," "Saginaw police[,]" and "local police officers[,]" Doc. Ent. 1 at 4, and because the other nine (9) defendants appear to be associated with divisions of government other than Saginaw County, the Court should grant defendant Saginaw County's motion to dismiss on

---

[9] However, I note that there is a Lieutenant Martin R. Larsen with the Saginaw Township Police Department. *See* www.saginawtownshippolice.com, Divisions, Administration.

the basis that plaintiff has failed to state a claim against Saginaw County upon which relief may be granted. Doc. Ent. 14 at 2 ¶ 6.

**3.      Larsen's motion for summary judgment**

**a.**      Defendant Larsen's motion for summary judgment is brought pursuant to Fed. R. Civ. P. 56(b). Doc. Ent. 19 at 1. Rule 56(b) provides that "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Summary judgment, pursuant to Fed. R. Civ. P. 56, may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing *Johnson v. Soulis,* 542 P.2d 867, 872 (Wyo. 1975) (quoting BLACK'S LAW DICTIONARY 881 (6th ed.1979)). "In evaluating a motion for summary judgment we view all evidence in the light most favorable to Plaintiff . . . and assess the proof to determine whether there is a genuine need for trial." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1045 (6th Cir. 1998) (citations omitted).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out

to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party discharges that burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e); *Gregg*, 801 F.2d at 861.

"Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint . . . satisfies the burden of the nonmovant to respond." *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999).[10] "[A] verified complaint . . . would have the same force and effect as an affidavit and would give rise to genuine issues of material fact." *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). *See also Hamilton v. Roberts*, No. 97-1696, 1998 WL 639158, *5 (6th Cir. Sept. 10, 1998) (personal knowledge required); *Daniel v. Cox*, No. 96-5283, 1997 WL 234615, *2 (6th Cir. May 6, 1997) (conclusory assertions are insufficient for purposes of surviving summary judgment); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (citing *Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 133 (6th Cir. 1969)) (cannot consider hearsay evidence).

"Demonstration of simply 'metaphysical doubt as to the material facts' is insufficient." *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992), citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986),

---

[10]Plaintiff's original complaint was signed under penalty of perjury. Doc. Ent. 1 at 3.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 246-250 (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R. Civ. P. 50(a). *Anderson*, 477 U.S. at 250. Consequently, a non-movant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

**b.**     Specifically, defendant Larsen's motion for summary judgment is based upon 42 U.S.C. § 1997e(a) and lack of personal involvement. Doc. Ent. 19 at 5-6. Defendant Larsen argues that "Plaintiff did not file any grievance regarding his allegations against Defendant Eric Larsen[,]" and "Plaintiff has not sufficiently alleged personal involvement of Eric Larsen." Doc. Ent. 19 at 4.

With respect to exhaustion, Larsen relies upon *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516 (2002); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973), as well as MDOC PD 03.02.130 ("Prisoner/Parolee Grievances"), effective July 9, 2007 (Doc. Ent. 19-2) and the affidavit of Richard Stapleton (Doc. Ent. 19-3). Doc. Ent. 19 at 5, 8-11.

Larsen argues that "Spivey has not properly exhausted as to [Larsen] because [Spivey] did not file a grievance naming [Larsen] regarding any issue raised in his complaint." Doc. Ent. 19 at 11. The policy statement of MDOC PD 03.02.130 ("Prisoner / Parolee Grievances"), effective July 9, 2007, is that "[p]risoners and parolees shall be provided with an effective

method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement." Doc. Ent. 19-2. At the time of the events underlying his complaint, Spivey was a parolee (Doc. Ent. 1 at 4) and Larsen was an MDOC Probation / Parole Agent (Doc. Ent. 19-4 ¶ 1).

According to Richard Stapleton, MDOC Office of Legal Affairs Administrator, his November 17, 2010 "search of the Step III grievance records maintained in the Grievance and Appeals Section" included "a review of the Step III grievance inquiry screens for the Plaintiff, and a review of the grievance records maintained in the Grievance and Appeals Section." Doc. Ent. 19-3 ¶ 5. Stapleton attests that "[a] review of the grievance records and files indicates that Plaintiff Spivey has not filed a grievance appeal through the third step regarding the allegations of this lawsuit." Doc. Ent. 19-3 ¶ 6.

Relying on Stapleton's affidavit, defendant Larsen contends that Spivey "has not properly exhausted under *Woodford*[.]" Doc. Ent. 19 at 11 (citing *Woodford*, 548 U.S. at 94-95[11] and *Jones*, 549 U.S. at 218-219).[12] Therefore, defendant Larsen argues, he is "entitled to dismissal of all unexhausted claims against him." Doc. Ent. 19 at 11.

However, the Court need not resolve the issue of exhaustion and may address Larsen's motion on its other basis - lack of personal involvement.

**c.** With respect to personal involvement, Larsen relies upon *Baker v. McCollan*, 443 U.S. 137 (1979); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir.

---

[11]"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 93-99.

[12]"Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

1984); *Haines v. Kerner*, 404 U.S. 519 (1972); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986); *West v. Atkins*, 487 U.S. 42 (1988); *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995); and *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987), as well as the affidavit of Eric Larsen (Doc. Ent. 19-4). Doc. Ent. 19 at 5-6, 12-13.

Within his argument that Spivey "has not sufficiently alleged personal involvement of [Larsen] to impose liability against him under 42 U.S.C. § 1983[,]" Larsen notes that Spivey's complaint "cites no involvement of Eric Larsen whatsoever[,]" "[t]he narrative body of Spivey's Complaint does not even mention Eric Larsen[,]" and "Spivey makes no claim, specific or general, regarding Eric Larsen's involvement in the conduct alleged." Doc. Ent. 19 at 12-13. According to Larsen, "[o]ther than being the victim of a crime, [he] had no personal involvement in the conduct alleged by Spivey." Doc. Ent. 19 at 13.

According to Larsen's affidavit, "[o]n November 9, 2008, [his] personal vehicle, a Saturn Outlook, was stolen from [his] home in Saginaw Township, Michigan." Larsen attests that he "contacted the Saginaw County Sheriff regarding the theft[,]" and claims "[t]he vehicle was eventually located with the assistance of Onstar." Doc. Ent. 19-4 ¶ 3. Larsen claims it is his understanding that "the investigation regarding the theft of [his] vehicle resulted in a collision between [his] vehicle and a Saginaw Police Department patrol vehicle." Doc. Ent. 19-4 ¶ 4. Larsen attests that he "was not present at the time of the collision[,]" and "was not present when any of the individuals found in the vehicle were apprehended by police." Doc. Ent. 19-4 ¶¶ 5, 6. Larsen also attests that "[a]fter the individuals were apprehended, police requested that I come to the scene of the collision to identify the individuals involved." He "went to the scene, but was

unable to identify either individual from [his] duties as a probation/parole agent." Larsen "was not the agent for either individual in custody at that time." Doc. Ent. 19-4 ¶ 7.

Therefore, based upon the allegations in the verified complaint and defendant Larsen's response, the Court should grant defendant Larsen's motion for summary judgment on the basis that there is no question of material fact that Larsen was not personally involved in the conduct of which plaintiff complains. Doc. Ent. 19.

**4. Plaintiff has not rebutted Saginaw County's dispositive motion or Larsen's dispositive motion.**

As noted above, the dispositive motions before the Court were filed on October 29, 2010 (Doc. Ent. 14) and November 22, 2010 (Doc. Ent. 19). "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

Nonetheless, on March 14, 2011 I entered the aforementioned order permitting plaintiff up to and including April 15, 2011 by which to file separate responses to defendant Saginaw County's October 29, 2010 motion to dismiss (Doc. Ent. 14) and defendant Larsen's November 22, 2010 motion for summary judgment (Doc. Ent. 19). Doc. Ent. 23.

To date, plaintiff has not filed a response to either of the pending motions. In fact, the only matters plaintiff has filed in this case are his July 2, 2010 complaint and application to proceed without prepayment of fees (Doc. Entries 1 and 2); his September 9, 2010 response (Doc. Ent. 6) and his February 2, 2011 letter within which he provided his change of address (Doc. Ent. 21).

Nonetheless, this report and recommendation addresses defendant Saginaw County and defendant Larsen's dispositive motions on the merits as against plaintiff's verified complaint. *See McNabb v. Kipp*, No. 1:10-cv-459, 2011 WL 839147, 4 (W.D. Mich. Feb. 10, 2011) (Brenneman, J.) ("Plaintiff's failure to file a response is a violation of the local court rules and tantamount to a waiver of opposition to defendants' motion. Accordingly, defendants' motion to dismiss should be granted on this ground."); *Jirjis v. Wachovia*, No. 10-11728, 2011 WL 87247, 5 (E.D. Mich. Jan. 11, 2011) (Cook, J.) ("it is clear that even construing the complaint liberally in Jirjis's favor-and even assuming he has not waived opposition to the Defendants' motions by failing to file a responsive pleading in a timely manner-he has plainly failed to set forth sufficient facts to survive a 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*. Therefore, the Defendants' motions to dismiss must be, and are, granted."); *Estate of Nicholas Reynolds v. City of Detroit*, No. 2:08-cv-14909, 2010 WL 5559322, 4 (E.D. Mich. Nov. 22, 2010) (Komives, M.J.) ("Plaintiff having failed to file a response to either pending dispositive motion, defendants' August 2010 motions to dismiss are, technically, unopposed. Even so, I will review plaintiff's December 9, 2008 amended complaint and the merits of defendants' motions to dismiss before making a recommendation to the Court."); *Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-11851, 2010 WL 3023808, 1 (E.D. Mich. July 29, 2010) (Rosen, J.) (in an order granting defendants' motion to dismiss and/or for summary judgment, this Court stated, "Plaintiff has failed to file a response. Having reviewed Defendants' brief in support of the motion and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process.") (internal footnote omitted).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 6/3/2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 3, 2011.

s/Susan Jefferson
Deputy Clerk