UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUANE SPIVEY (#219797),

|  |  |
|---|---|
| Plaintiff, | CASE NO. 4:10-CV-12651<br>JUDGE MARK A. GOLDSMITH<br>MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

SAGINAW COUNTY, et al.,

Defendants,

_____/

**REPORT AND RECOMMENDATION REGARDING THE SAGINAW TOWNSHIP DEFENDANTS' SEPTEMBER 28, 2011 MOTION TO COMPEL DISCOVERY AND FOR COSTS (DOC. ENT. 27) and DEFENDANTS DUTOI AND PATE'S OCTOBER 25, 2011 MOTION TO DISMISS AND FOR SANCTIONS (DOC. ENT. 28)**

**I.    RECOMMENDATION:** The Court should dismiss plaintiff's complaint with prejudice as to the remaining eight defendants based upon (a) plaintiff's failure to engage in discovery served by the Saginaw Township defendants on January 4, 2011, (b) plaintiff's failure to appear for the October 18, 2011 deposition noticed by defendants Dutoi and Pate and (c) plaintiff's failure to rebut these allegations, unless the Court is persuaded by any objections to this report and recommendation that dismissal should be made without prejudice or that some other disposition is appropriate.

If the Court agrees with this recommendation, then it should also (1) deny the Saginaw Township defendants' September 28, 2011 motion to compel discovery and for costs (Doc. Ent. 27) and (2) grant in part defendants Dutoi and Pate's October 25, 2011 motion to dismiss and for sanctions (Doc. Ent. 28), but only to the extent it seeks dismissal of plaintiff's complaint with prejudice.

II.    **REPORT**:

A.    **Background**

On August 26, 2004, Michael Duane Spivey (#219797) was sentenced to three (3) to twenty (20) years for the November 8, 2003 offense of unlawfully driving away an automobile, Mich. Comp. Laws §§ 750.413, 769.12.  *See* Case No. 04-024325-FH-4 (Saginaw County).  The facts underlying the instant complaint allegedly stem from the events of November 9, 2008, while plaintiff was a parolee.  Doc. Ent. 1 at 4.  Apparently Spivey was re-incarcerated on or about April 30, 2009.[1]

On July 2, 2010, while incarcerated at the Michigan Department of Corrections (MDOC) Cooper Street Correctional Facility (JCS) in Jackson, Michigan, Spivey filed the instant lawsuit against ten (10) defendants:  Saginaw County, Saginaw Township Police Department, Chad Brooks, Michele Flemming, William Federspiel, Joseph Dutoi, Steven Reed, Eric Larson [Larsen],[2] Adam Nothelfer and Roger Pate.  Doc. Ent. 1 at 5.

The Court granted plaintiff's application to proceed in forma pauperis.  Doc. Entries 2 and 4.  This case was originally assigned to Judge Avern Cohn and Magistrate Judge Virginia M. Morgan.  On September 13, 2010, the case was reassigned to Judge Mark A. Goldsmith.  Doc. Ent. 7.  Shortly thereafter, Judge Goldsmith referred the case to Magistrate Judge Morgan for all pretrial proceedings.  Doc. Ent. 8.[3]

_____

[1]*See* www.michigan.gov/corrections, "Offender Search," Image Date.

[2]The correct spelling of defendant's name appears to be "Larsen."  Doc. Entries 17 and 19.

[3]On September 28, 2010, Magistrate Judge Whalen entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made.  Doc. Ent. 9.  That same day, the U.S. Marshal acknowledged receipt of ten (10) copies of documents for service of process.  Doc. Ent. 10.  On October 1, 2010, the U.S. Marshal attempted service by mail.

2

On October 22, 2010, the Saginaw Township defendants (Saginaw Township Police Department, Nothelfer, Reed, Brooks, Flemming and Federspiel) filed an answer to the complaint.  Doc. Ent. 11.[4]  On November 8, 2010, defendants Dutoi and Pate (presumably of the City of Saginaw Police Department)[5] filed an answer to the complaint.  Doc. Ent. 15.[6]

Plaintiff was paroled on January 19, 2011.  *See* www.michigan.gov/corrections, "Offender Search."

**B.      Previous Dispositive Motions**

On October 29, 2010, defendant Saginaw County filed a motion to dismiss.  Doc. Ent. 14. On November 16, 2010, Magistrate Judge Morgan entered an order for submission of responsive pleading and determination of motion without oral argument.  Doc. Ent. 18.

On November 22, 2010, defendant Larsen filed a motion for summary judgment.  Doc. Ent. 19.  On December 21, 2010, Magistrate Judge Morgan entered an order for submission of responsive pleading and determination of motion without oral argument.  Doc. Ent. 20.

On March 11, 2011, this case was reassigned from Magistrate Judge Morgan to me.  Doc. Ent. 22.  Shortly thereafter, on March 14, 2011, I entered an order denying plaintiff's request to

---

Defendant Saginaw County claims it executed a waiver of service on October 5, 2010.  Doc. Ent. 14 at 6.

[4]*See also* Doc. Ent. 16 (Nov. 8, 2010 certificate of service of Saginaw Township defendants' Oct. 22, 2010 answer (Doc. Ent. 11) upon plaintiff at MDOC's Pugsley Correctional Facility (MPF) in Kingsley, Michigan).

[5]"The City of Saginaw, Saginaw Township and the County of Saginaw are all separate municipal entities. Further, all three entities have their own police departments (City of Saginaw Police Department, Saginaw Township Police Department, and County of Saginaw Sheriff's Department, respectively)."  Doc. Ent. 14 at 8.

[6]Appearances of counsel have been filed on behalf of Dutoi and Pate (Doc. Ent. 12), the County of Saginaw (Doc. Ent. 13) and Larsen (Doc. Ent. 17, Doc. Ent. 31).

3

stay these proceedings until he receives legal counsel; permitting plaintiff an extension of time within which to respond to the pending motions, specifically setting a response deadline of April 15, 2011; and denying plaintiff's request for appointment of counsel without prejudice.  Doc. Ent. 23.

I entered a report and recommendation regarding defendants Saginaw County and Larsen's motions on June 3, 2011.  Doc. Ent. 25.  On June 23, 2011, Judge Goldsmith entered an order (1) accepting and adopting my report and recommendation (Doc. Ent. 25), (2) granting defendant Saginaw County's motion to dismiss (Doc. Ent. 14), and (3) granting defendant Eric Larsen's motion for summary judgment (Doc. Ent. 19).  Doc. Ent. 26.

Accordingly, Saginaw County and Larsen were terminated as defendants.

**C.     Pending Motions**

Eight (8) defendants remain:  Saginaw Township Police Department, Chad Brooks, Michele Flemming, William Federspiel, Joseph Dutoi, Steven Reed,  Adam Nothelfer and Roger Pate.  Currently, there are two (2) motions pending before this Court.

On September 28, 2011, the six (6) Saginaw Township defendants filed a motion to compel discovery and for costs.  Doc. Ent. 27.  On October 25, 2011, defendants Dutoi and Pate filed a motion to dismiss and for sanctions.  Doc. Ent. 28.

Pursuant to my January 30, 2012 orders, Spivey's responses to these motions were due on February 28, 2012.  Doc. Entries 29 and 30.  To date, no responses have been filed.

**D.     Analysis**

**1.     Plaintiff's complaint (Doc. Ent. 1) stems from the events of November 9, 2008.**

4

The heart of plaintiff's pro se, verified July 2, 2010 complaint is set forth on one (1)

page. Plaintiff's statement of facts reads as follows:

> On [November 9, 2008], I, Michael Duane Spivey, #219797, (parolee) was a
> passenger receiving a ride home in a vehicle (Saturn SUV) driven by Michael
> Floyd. A short time later, that vehicle was crashed into by a police cruiser. The
> impact was so violent all airbags deployed (front and back). Unaware of what
> was really going on, and still shaken from the crash, I . . . was taken from the
> vehicle by Saginaw City police, tasered and beaten for no reason. (without
> cause). I was then immediately arrested by Saginaw [Township] police, and
> despite my injur[ies], both, from the crash and from the Saginaw police excessive
> abuse (Brutality) there were no EMS on location nor was I offered any medical
> attention. As a result, I now experience almost constant major back pain,
> numbness of my right leg and frequent, severe migraine headaches.
>
> I also was returned to prison and given two 12 month continuance[s] (24 months)
> resulting from baseless police accusations[.]

Doc. Ent. 1 at 4. Spivey's prayer for relief states:

> . . . I need to be released from prison. I need medical attention since I've been
> attacked by local police officers and imprisoned to cover that up. I need
> compensation for the monies not earned since I've been re-arrested, not below
> $50,000.00, plus mental anguish punitive damages as the Court deems fit[.]

Doc. Ent. 1 at 4.

## 2.    The Saginaw Township defendants are entitled to an order compelling plaintiff to answer the interrogatories and requests to produce served on January 4, 2011.

Attached to the Saginaw Township Defendants' Motion to Compel (Doc. Ent. 27) are the

Saginaw Township defendants' January 4, 2011 first interrogatories to plaintiff, Nos. 1-23 (Doc.

Ent. 27-2); the Saginaw Township defendants' January 4, 2011 first request for production of

documents to plaintiff, Nos. 1-4 (Doc. Ent. 27-3); and an August 30, 2011 letter from Saginaw

Township defendants' counsel to plaintiff (Doc. Ent. 27-4). According to the Saginaw Township

defendants, "Plaintiff has not filed objections to said Interrogatories or Request for Production of

Documents, requested a Protective Order, or filed a motion for extension of time to answer said Interrogatories or Request for Production of Documents." Doc. Ent. 27 at 2 ¶ 3.

By their motion, the Saginaw Township defendants seek entry of an order "compelling Plaintiff to answer Defendants' First Set of Interrogatories and Request for Production of Documents, under such terms and conditions as the Court shall order, and further, that this Honorable Court award to said Defendants costs, including a reasonable attorney fee, incurred in the filing and hearing of this Motion." Doc. Ent. 27 at 3.

Pursuant to Fed. R. Civ. P. 33(b)(2) ("Time to Respond.") and Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond."), answers, objections and responses to interrogatories and requests to produce are due within 30 days of service. Therefore, any answers, objections and responses to the Saginaw Township defendants' January 4, 2011 interrogatories and requests for production of documents were due on or about February 7, 2011. Fed. R. Civ. P. 6(d).

Accordingly, the Saginaw Township defendants are entitled to an order compelling plaintiff to answer the interrogatories and requests to produce served on January 4, 2011. However, if the Court does not accept my recommendation that this case be dismissed, then it should enter an order requiring plaintiff to answer the interrogatories and respond to the requests to produce by a date certain.

**3.    Defendants Dutoi and Pate are entitled to an order compelling plaintiff to appear for his deposition within 30 days.**

Attached to Dutoi and Pate's motion to dismiss and for sanctions (Doc. Ent. 28) are a September 20, 2011 notice of taking deposition of plaintiff on October 18, 2011 (Doc. Ent. 28-2); a proof of service of that notice (Doc. Ent. 28-3); and the October 18, 2011 transcript, noting that plaintiff had not appeared for his deposition (Doc. Ent. 28-4).

6

By their October 25, 2011 motion, defendants Dutoi and Pate request that the Court "dismiss plaintiff's complaint with prejudice and order plaintiff to pay defendants' reasonable expenses, including attorney fees, caused by plaintiff's failure to appear for his deposition[.]" Alternatively, defendants Dutoi and Pate request that the Court "compel plaintiff to appear for his deposition within 30 days of the Court's order and order plaintiff to pay defendants' reasonable expenses, including attorney fees, caused by Plaintiff's failure to appear for his deposition." Doc. Ent. 28 at 2.

Pursuant to Fed. R. Civ. P. 30 ("Depositions by Oral Examination"), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1) ("Without Leave."). By his failure to respond to defendants' Dutoi and Pate's October 25, 2011 motion (Doc. Ent. 28), plaintiff has not shown a reason why this deposition should not go forward.

Accordingly, defendants Dutoi and Pate are entitled to an order compelling plaintiff to appear for his deposition within 30 days. However, if the Court does not accept my recommendation that this case be dismissed, then it should enter an order requiring plaintiff to appear for his deposition within 30 days of the date of the Court's order.

**4.     Plaintiff has not rebutted either of the pending motions.**

As noted above, the motions before the Court were filed on September 28, 2011 (Doc. Ent. 27) and October 25, 2011 (Doc. Ent. 28). "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a dispositive motion must be filed within 21 days after service of

7

the motion[,]" E.D. Mich. LR 7.1(e)(1)(B), and "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Nonetheless, on January 30, 2012, I entered the aforementioned orders requiring plaintiff to file any responses to these motions on or before February 28, 2012. Doc. Entries 29 and 30.

To date, plaintiff has not filed a response to either of the pending motions. In fact, the only matters plaintiff has filed in this case are his July 2, 2010 complaint and application to proceed without prepayment of fees (Doc. Entries 1 and 2); his September 9, 2010 notice providing defendants' addresses (Doc. Ent. 6), which was in response to the Court's August 20, 2010 order directing plaintiff to provide addresses (Doc. Ent. 5); and his letter filed February 23, 2011, within which he provided his change of address (Doc. Ent. 21).[6]

## 5.    The Court should dismiss plaintiff's complaint against the remaining eight (8) defendants with prejudice.

As at least one Court has explained, "[t]o ensure that district courts have tools available to protect their truth-seeking process, the Federal Rules of Civil Procedure allow district courts to sanction parties who fail to meet minimum standards of conduct in many different contexts." *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (referencing Fed.R.Civ.P. 11 (groundless pleadings and other papers); 16(f) (failing to abide by pretrial

---

[6]At the onset of this lawsuit, plaintiff was incarcerated at JCS (Doc. Entries 1 and 2). On July 8, 2010, the Clerk of the Court entered a notice regarding parties' responsibility to notify court of address change. Doc. Ent. 3.

Plaintiff was still located at JCS when he mailed his notice providing defendants' addresses, which was filed on September 9, 2010 (Doc. Ent. 6). By the time of his letter filed February 23, 2011, he had been paroled and listed his address as 2823 Hess Avenue, Saginaw, Michigan 48601 (Doc. Ent. 21). This remains his address of record, and it is the address to which plaintiff's copies of my June 3, 2011 report and recommendation (Doc. Ent. 25) and my January 30, 2012 orders (Doc. Entries 29 and 30) were mailed.

orders); 26(g), 30(g), 37(d), and 37(g) (discovery abuses),[7] 41(b) (involuntary dismissal for

failure to prosecute, failure to follow rules, or failure to obey court order); 45(f) (disobeying

subpoena); 56(g) (providing affidavit at summary judgment in bad faith or for delay)).

Although the defendants Dutoi and Pate's motion to dismiss with prejudice is based upon

Fed. R. Civ. P. 37(d), *see* Doc. Ent. 28 ¶¶ 1, 4 & 5, I recommend that the complaint be dismissed

with prejudice as to the remaining eight defendants in accordance with Fed. R. Civ. P. 41, which

governs the dismissal of actions. With respect to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

---

[7]Fed. R. Civ. P. 37(d) concerns a "party's failure to attend its own deposition, serve answers to interrogatories, or respond to request for inspection." Sanctions under this subsection "may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi)." Fed. R. Civ. P. 37(d)(3). Among the orders permitted by Rule 37(b)(2)(A) is one "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

"Rule 37(d) authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). In *Collins*, the Seventh Circuit further stated:

> . . . to dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault. *In re Thomas Consol. Indus., Inc.*, 456 F.3d [719,] 724 [(7th Cir. 2006)]; *Maynard[v. Nygren]*, 332 F.3d [462,] 468 [(7th Cir. 2003)]. Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances. *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir.2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996).

*Collins*, 554 F.3d at 696. *See also Smith v. McKune*, 345 Fed.Appx. 317, 320 (10th Cir. 2009) ("Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we agree with the district court's decision to grant defendants' motions for sanctions and dismiss plaintiff's case with prejudice.").

Fed. R. Civ. P. 41(b).  "Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a

sua sponte order of dismissal."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 630 (1962) and *Carter v. City of Memphis, Tenn.*, 636 F.2d 159,

161 (6th Cir.1980)).  As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look
> to four factors for guidance: (1) whether the party's failure is due to willfulness,
> bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed
> party's conduct; (3) whether the dismissed party was warned that failure to
> cooperate could lead to dismissal; and (4) whether less drastic sanctions were
> imposed or considered before dismissal was ordered. *Stough v. Mayville*
> *Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of
> the factors is outcome dispositive, it is said that a case is properly dismissed by
> the district court where there is a clear record of delay or contumacious conduct.
> *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The Court should conclude that plaintiff's failure to respond to the discovery requests

and his failure to appear for his deposition is "due to willfulness, bad faith, or fault[.]" *Knoll*, 175

F.3d at 363.  Defendants Dutoi and Pate allege that "the Plaintiff has refused and/or neglected to

answer [the January 4, 2011] Interrogatories and Request for Production of Documents and is

subject to the consequences for refusing to make discovery, as provided in Fed. R. Civ. P. 37 and

its subdivisions."  Doc. Ent. 27 at 2 ¶ 4.  The Saginaw Township defendants allege that,

"[d]espite being served with proper notice of the [October 18, 2011] deposition, Plaintiff failed

to appear for the deposition and failed to contact defense counsel seeking an adjournment or

otherwise advising defense counsel that he would not be appearing for the deposition."  Doc.

Ent. 28 at 2 ¶ 3.  And, because plaintiff has failed to respond to either of these motions, these

allegations remain unrebutted.  This supports a "record of delay or contumacious conduct."

*Knoll*, 176 F.3d at 363 (citing *Carter*, 636 F.2d at 161).

10

Additionally, the eight remaining defendants are prejudiced in their attempts to defend themselves in this case.  There is no question that one party make take another party's deposition in accordance with Fed. R. Civ. P. 30, and as concluded above, the Saginaw Township defendants are entitled to responses Interrogatory Nos. 1-23 (Doc. Ent. 27-2) and Request for Production Nos. 1-4 (Doc. Ent. 27-3) served on January 4, 2011.

Finally, even if there has not been a warning of dismissal or the imposition or consideration of a less drastic sanctions, this Court's January 30, 2012 orders (Doc. Entries 29 and 30) provided plaintiff up to and including February 28, 2012 by which to respond to the two motions currently before the Court (Doc. Entries 27 and 28).  In fact, earlier in this case, plaintiff did not file responses to defendant Saginaw County's October 29, 2010 motion to dismiss (Doc. Ent. 14) or defendant Larsen's November 22, 2010 motion for summary judgment (Doc. Ent. 19), despite the fact that my March 14, 2011 order (Doc. Ent. 23) addressing plaintiff's February 23, 2011 requests (Doc. Ent. 21) denied plaintiff's request to stay proceedings until he received legal counsel but permitted plaintiff up to and including April 15, 2011 by which to file separate responses to Saginaw County's and Larsen's dispositive motions.  Doc. Ent. 23 at 3.

Accordingly, defendants Dutoi and Pate, as well as the Saginaw Township defendants (Saginaw Township Police Department, Nothelfer, Reed, Brooks, Flemming and Federspiel) are entitled to dismissal of plaintiff's claims against them with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute based upon (1) plaintiff's failure to engage in discovery served by the Saginaw Township defendants on January 4, 2011, (2) plaintiff's failure to appear for the October 18, 2011 deposition noticed by defendants Dutoi and Pate and (3) plaintiff's failure to rebut these allegations. *See Yeschick v. Mineta*, 675 F.3d 622, 624 (6th Cir. 2012) (affirming

11

district court's denial of motion for relief from judgment where district court had granted summary judgment in favor of defendant; "Yeschick failed to respond to both the district court's motions deadline and the Secretary's motion for summary judgment[;]" and "Yeschick explained that his failure to respond to the summary judgment motion was caused by his attorney's failure to receive electronic notices of case filings due to a change of his email address, and requested relief on the grounds of excusable neglect."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 740-742 (6th Cir. 2008) (where "Andrea challenge[d] the dismissal on the grounds that she was merely late for her deposition, that her counsel did not receive a bill for defense costs related to the December 2006 deposition, and that she could not afford to pay defense counsel's bill, which was in the amount of $1,000[,]", the Court concluded that "each of the four factors weighs in favor of concluding that the district court did not abuse its discretion when it dismissed Andrea's lawsuit with prejudice for failure to prosecute.").

However, the Court should enter such dismissal without prejudice if the Court is not persuaded that plaintiff's failure to engage in discovery or to appear at his deposition was willful, or if the Court is persuaded by any objections to this report and recommendation that dismissal should be made without prejudice, or that some other disposition is appropriate.  *See Nader v. Land*, 433 F.3d 496, 501 (6th Cir. 2006) ("In this circuit we often have reversed a district court's decision to dismiss a complaint because litigants failed to appear, especially absent bad faith, or absent notice to the Plaintiffs that the court is contemplating involuntary dismissal. . . . Thus, as it appears no notice was given to the Plaintiffs that the district court was considering involuntary dismissal and as the Plaintiffs only missed one appearance, we find the district court abused its discretion by dismissing this complaint with prejudice."); *United States v. Reyes*, 307 F.3d 451,

458 (6th Cir. 2002) ("[Claimant] Acevedo has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith.  Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not. Claimant has not proffered anything to overcome this presumption.") (internally citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988)).

**6.    Defendants' requests for reasonable expenses, to the extent based upon Fed. R. Civ. P. 37(d)(3), should be denied.**

Fed. R. Civ. P. 37(d)(3) provides:

Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

The Saginaw Township defendants request an award of costs, including reasonable attorney fees "incurred in the filing and hearing of [the September 28, 2011] Motion."  Doc. Ent. 27 at 3.  Defendants Dutoi and Pate, seek an order requiring plaintiff "to pay Defendants' reasonable expenses, including attorney fees, caused by plaintiff's failure to appear for his deposition[.]"  Doc. Ent. 28 at 2.

If the court agrees with my recommendation that this case be dismissed with prejudice as to the remaining eight (8) defendants, then it should deny the parties' requests for an award of reasonable expenses associated with (a) the filing and hearing of the Saginaw Township defendants' September 28, 2011 motion to compel regarding plaintiff's failure to respond to the discovery requests served on January 4, 2011 or (b) plaintiff's failure to appear for his October 18, 2011 deposition.

13

7.     **Defendants may apply for costs and attorney fees if judgment is entered in their favor.**

Should the Court accept the foregoing recommendation that this case be dismissed and enter judgment in favor of defendants, then defendants are free to present a bill of costs to the clerk of this Court pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).  Furthermore, if defendants seek attorney fees pursuant to 42 U.S.C. § 1988, they should follow the procedure set forth in Fed. R. Civ. P. 54(d)(2).

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

14

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:7/9/12

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and   by
electronic means or U.S. Mail on July 9, 2012.

s/Eddrey Butts
Case Manager

15